# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDRA GILDA CADENA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-79-SLP |
| THOMAS WYNN RAGSDALE, | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 6].[1] It is at issue. *See* Resp., Doc. No. 7; Reply, Doc. No. 8. Defendant asserts three bases for dismissal—lack of personal jurisdiction, lack of capacity of Defendant to be sued, and lack of proper service. All three bases stem from the fact that Defendant died prior to Plaintiff filing this lawsuit in state court (after which Plaintiff filed an amended pleading in state court that Defendant removed to this Court). In addition, Plaintiff, in her response brief, seeks leave to amend the currently operative pleading—Plaintiff's First Amended Petition [Doc. No. 1]—so that her claim will be against the special administrator of Defendant's estate, not against Defendant.

Plaintiff alleges that she was injured in a vehicle collision which was the fault of Defendant in October 2015. *See* First Am. Pet. ¶¶ 9-12, Doc. No. 1-6. Plaintiff originally filed a lawsuit against Defendant in state court in October 2017, then voluntarily dismissed

---

[1] As Defendant is deceased, it is unclear in what capacity and how Defendant's counsel represents Defendant (or, perhaps, his estate). But the Court need not resolve that issue to resolve the motion before it.

that suit in July 2018.[2] The same month, Plaintiff filed a new lawsuit pursuant to Okla. Stat. tit. 12, § 100—again in state court. After an amended pleading was filed in the second lawsuit in January 2019, it was removed by Defendant to this Court. During the pendency of the first lawsuit—in November 2017—Defendant died. Notwithstanding that Defendant died before the second lawsuit was filed, all three pleadings filed by Plaintiff (the petition in the first lawsuit, the Petition in the second lawsuit [Doc. No. 1-4], and the First Amended Petition now at issue in this second lawsuit [Doc. No. 1-6]) name "Thomas Wynn Ragsdale" as Defendant.

I.  **Plaintiff's request for leave to amend her pleading**

The Court first addresses Plaintiff's request for leave to amend her current pleading to replace Defendant with the special administrator of Defendant's estate. Plaintiff has not properly sought such leave. Her request is made in response to a motion, which is disallowed by Local Civil Rule 7.1(c). Nor has Plaintiff submitted her proposed amended pleading as required by Local Civil Rule 15.1. Despite having more than four months to make an appropriate Rule 15(a)(2) motion—and being on notice of her need to do so (*see* Reply 1, Doc. No. 8)—Plaintiff has not filed an appropriate motion. Because Plaintiff's amendment request is made in violation of multiple local civil rules, it is DENIED.

The Court therefore examines the suit as it currently stands, with Mr. Ragsdale (deceased) as Defendant. Plaintiff indicates that the Court may view the First Amended Petition as having been intended to name the special administrator of Defendant's estate as

---

[2] The Court takes judicial notice of the docket from the first state court case—Case No. CJ-2017-5574 in the District Court of Oklahoma County.

the defendant, not Defendant. *See* Resp. 2, Doc. No. 7.[3] The Court disagrees. Ample indications exist in the First Amended Petition showing Plaintiff intended to—and did—name Mr. Ragsdale as the defendant. *See* First Am. Pet. (caption) (including "Thomas Wynn Ragslade" as the named defendant); *id.* (introductory paragraph) ("Plaintiff, Sandra Cadena, by and through her counsel of record, and for her causes of action against Defendant, Thomas Ragsdale . . . ."); *id.* ¶ 3 ("Defendant, Thomas Ragsdale . . . ."); *id.* ¶ 10 ("Said collision was the sole and proximate result of the common law negligence, and negligence *per se*, of the Defendant Thomas Ragsdale . . . ."). The First Amended Petition references the special administrator of Defendant's estate in relation to service of process, but it does not reference him at all in in the capacity of a party to this action. Nor has Plaintiff requested substitution of the special administrator of Defendant's estate for Defendant under Rule 25(a)(1)—to the extent such substitution would even be allowable in these circumstances (an issue the Court does not reach because substitution has not been sought by Plaintiff). *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (per curiam) ("[Rule 25(a)(1)] contemplates substitution for someone who had been made a party before his death. It is not available to [a plaintiff when the defendant] predeceased the filing of the action.").

In addition, Plaintiff cites an inapplicable state procedural rule in support of her position that additional time must be given to Plaintiff for her to correct her error (beyond that which she has already received—during which she has not filed a proper motion for

---

[3] Plaintiff did not number the pages of her response brief. The Court therefore uses the CM/ECF page numbers as references to that brief herein.

leave to amend). *See* Fed. R. Civ. P. 81(c)(1); *USA-1 Constr., Inc. v. Embree Constr. Grp., Inc.*, No. CIV-14-1206-D, 2015 WL 12781023, at *2 (W.D. Okla. Jan. 26, 2015). Assuming that Plaintiff intended to cite the federal analogue to Okla. Stat. tit. 12, § 2017(A)—i.e., Rule 17(a)(3)—it is inapplicable to this situation. *See Gonsalves-Carvalhal v. Aurora Bank, FSB*, No. 1-14-CV-151-SJC, 2016 WL 5376295, at *1 (N.D. Ga. Aug. 10, 2016) ("[I]t is improper for a Plaintiff to complain that she has sued the wrong party under a 'real party in interest' argument."); *Smith v. Janey*, 664 F. Supp. 2d 1, 8 n.3 (D.D.C. 2009) ("[Rule 17(a)(3)] applies only to prosecuting in the name of the real party in interest, and has nothing to do with failing to identify the appropriate defendant.").[4]

## II. Defendant's assertion that the Court lacks personal jurisdiction

The Court now turns to Defendant's asserted bases for dismissal—only the first of which the Court must address. Defendant argues that the Court lacks personal jurisdiction over him because he died prior to Plaintiff's initiation of this lawsuit, and that dismissal is therefore appropriate under Rule 12(b)(2). The Court agrees.

In a diversity case like this, a federal district court "may exercise personal jurisdiction over a defendant who is subject to the jurisdiction of a state court in the state where the federal court is located." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013) (quotation marks omitted) (citing Fed. R. Civ. P. 4(k)(1)(A)). The Court must

---

[4] For this reason, *Roth v. Mercy Health Center, Inc.*, 2011 OK 2, 246 P.3d 1079—which does not bind this Court on procedural matters anyway—is not on-point. *Roth* addressed the wrong person appearing as a plaintiff, not the wrong person being sued as a defendant. *See id.* ¶¶ 6-7, 246 P.3d at 1082-83. And a true amendment motion with a proposed replacement pleading was filed in that case (unlike here). *See id.* ¶¶ 6-7, 21, 246 P.3d at 1082-83, 1087.

therefore apply state law, by which "[t]he Oklahoma legislature has authorized Oklahoma courts to 'exercise jurisdiction on any basis consistent with the [Oklahoma] Constitution . . . and the Constitution of the United States.'" *Id.* (quoting Okla. Stat. tit. 12, § 2004(F)).

"[T]he existence of personal jurisdiction is evaluated at the time the complaint was filed"—here, when Plaintiff filed her Petition [Doc. No. 1-4] in state court on July 11, 2018, more than six months after Defendant died.[5] *Round Rock Research LLC v. ASUSTeK Comput. Inc.*, 967 F. Supp. 2d 969, 974 (D. Del. 2013). At that time, and at all times afterward, Defendant was deceased. And "[c]ourts do not have personal jurisdiction over deceased persons." *Berneau v. Martino*, 2009 UT 87, ¶ 18, 223 P.3d 1128, 1133 (citing *Ramirez v. Lembcke*, 80 P.3d 510, 512 (Or. Ct. App. 2003)); *see Currier v. Sutherland*, 218 P.3d 709, 714 (Colo. 2009) (en banc) ("A court cannot exercise personal jurisdiction over a deceased person."); *Ramirez*, 80 P.3d at 512 ("Because the only named defendant is a deceased person, the trial court did not have personal jurisdiction over him."). The Court agrees with these authorities and finds that it lacks personal jurisdiction as a matter of law over Defendant.

The result reached herein, while seemingly harsh as to Plaintiff, is not inequitable when all circumstances are considered. First, the instant order might be different if Plaintiff had sought leave to amend her pleading via motion—as Defendant pointed out she should do more than four months ago—which she has not done. Second, Plaintiff could have served Defendant in the first lawsuit during the approximately two months after that lawsuit

---

[5] Evaluating personal jurisdiction as of the date of Plaintiff's First Amended Petition or as of the date of removal would yield the same result.

was filed when he was alive; Plaintiff did not do so. Plaintiff also could have discovered Defendant's death through an Internet query or other research method during the pendency of the first lawsuit and therefore sought appointment of a special administrator before she filed the second lawsuit. Or she could have done so earlier during the pendency of the second lawsuit, which existed in state court for six months before its removal to this Court. Finally, Plaintiff could have substituted Defendant with the special administrator of Defendant's estate in the First Amended Petition in this lawsuit as Plaintiff claims she intended to do—but which, for whatever reason, she did not do.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 6] is GRANTED as set forth herein. Plaintiff's First Amended Petition is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 12th day of July, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE